# United States District Court

## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC. | § | |
| | § | |
| | § | |
| | § | |
| v. | § | **Case No. 6:12-cv-121** |
| | § | |
| | § | |
| HTC CORPORATION | § | |
| and HTC AMERICA, INC. | § | |
| and CELLCO PARTNERSHIP | § | |
| d/b/a Verizon Wireless | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion to transfer venue[1] (Doc. No. 35).  Having fully considered the parties' arguments, the undisputed facts, and the applicable law, the Court **GRANTS** the motion and **ORDERS** this action be transferred to the United States District Court for the Northern District of California.

## I.    BACKGROUND

This litigation involves alleged patent infringement of two related patents: U.S. Patent Nos. 6,947,748 (the '748 patent) and 7,454,212 (the '212 patent). In general, the patents cover technology related to the 4G LTE communications standard. Plaintiff accuses Defendants of

---

[1] Defendants in this case and several related cases filed identical motions to transfer. *See. e.g.*, Defs.' Mot. to Transfer Venue, *Adaptix, Inc. v. AT&T Mobility LLC*, No. 6:12cv17 (E.D. Tex. Aug. 13, 2012), ECF No. 57. This opinion only applies to the case listed in the caption. The Court may consider earlier or copending cases to assess judicial economy in the transfer analysis. *See In re EMC Corp.*, No. 142, 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013). But this case and the other related cases have not been consolidated for trial or for venue purposes (Doc. No. 44 at 4 (consolidating cases for all *pretrial* purposes other than venue)). Thus, the Court looks only to the evidence and witnesses of the Defendants named in this particular case when considering the convenience factors.

infringing the patents based on the sale and use of two HTC products: the Rezound and Thunderbolt smartphones.

Adaptix is a Delaware corporation with its principal place of business in Carrolton, Texas.[2] HTC Corporation is a Taiwanese corporation with its principal place of business in Taiwan. HTC America is a Washington corporation with its principal place of business in Bellevue, Washington. HTC Corporation is the parent company of HTC America (collectively, HTC). Verizon is a Delaware corporation with its principle place of business in Basking Ridge, New Jersey.

Defendants argue that Plaintiff's claims against them should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes transfer and urges that Defendants cannot show that the Northern District of California is a clearly more convenient forum.

## II.    LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A threshold inquiry is whether the suit "might have been brought" in the proposed transferee venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) (*Volkswagen II)*. Once a defendant satisfies that burden, the Court weighs certain factors to determine if transfer is warranted. *Volkswagen II*, 545 F.3d at 314 n.9; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507–08 (1947). The moving party must show good cause by demonstrating the transferee venue is clearly more convenient. *Volkswagen II*, 545 F.3d at 314.

---

[2] Adaptix's parent company is Acacia Research Group, which is headquartered in the Central District of California. Acacia also has a Frisco, Texas office.

Otherwise, a plaintiff's choice of venue must be respected because that choice places the burden on the defendant to demonstrate why venue should be transferred. *Id.* at 315 n.10.

When deciding whether to transfer an action, the Court balances the private interests of the litigants and the public's interest in the fair and efficient administration of justice. *Volkswagen II,* 545 F.3d at 315; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). The relevant factors are divided between these private and public interests. *Gilbert*, 330 U.S. at 508. "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quotation omitted). "The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* (quotation omitted).  These factors are not exhaustive, and no single factor is dispositive.  *Id.*

## III.   DISCUSSION

### a.  Jurisdiction in the Transferee Forum

The first question the Court must address when considering a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit originally could have been filed in the destination venue, here, the Northern District of California. *Volkswagen II*, 545 F.3d at 312. The movants bear the burden of establishing personal jurisdiction and venue as to all defendants in the transferee forum. *See Chirife v. St. Jude Med., Inc.*, No. 6:08-CV-480, 2009 WL 1684563, at *1

(E.D. Tex. June 16, 2009). This determination is made as the circumstances existed at the time of filing. *See Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

Plaintiff argues that Defendants have not satisfied their burden to demonstrate that this case could originally have been filed in the Northern District of California. Defendants argue that (1) they have demonstrated sufficient contacts with the Northern District of California to establish that this case could have been filed there, and (2) Defendants have consented to jurisdiction in the Northern District of California by filing this action.

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). But the relevant inquiry is whether jurisdiction and venue existed at the time this action was filed. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Thus, post-filing consent to jurisdiction in the transferee forum is irrelevant to the transfer analysis. *Id.*

As a foreign entity, HTC Corporation venue is proper in any district. 28 U.S.C. § 1391(c)(3). HTC America, Inc. has a facility in San Francisco that focuses on design issues for HTC mobile products. The facility employs 21 people. Accordingly, the Court finds HTC America's contacts to the Northern District of California sufficient to confer jurisdiction and venue.

Verizon has offices and personnel throughout the United States, including at its facility in Walnut Creek, California. Verizon also sells its LTE-related products and services nationwide. Accordingly, the Court finds Verizon's contacts to the Northern District of California sufficient to confer jurisdiction and venue.

### A. *Private Interest Factors*

### 1. <u>**The Relative Ease of Access to Sources of Proof**</u>

The first private interest factor is the relative ease of access to sources of proof. This factor weighs in favor of transfer when evidence could be more readily accessed from the proposed transferee district. Although documentary evidence is often stored electronically, the Court considers the physical location of documents and other evidence. *In re Genentech, Inc.*, 566 F.3d 1338, 1345–46 (Fed. Cir. 2009). But documents relocated in anticipation of litigation are not considered. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336–37 (Fed. Cir. 2009). Courts analyze this factor in light of the distance that documents or other evidence must be transported from their existing location to the trial venue. *See Volkswagen II*, 545 F.3d at 316.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d at 1345 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)); *see In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (explaining that a corporate party's relevant discoverable material is generally located at its headquarters).

As an initial matter, Defendants urge the Court to discredit Plaintiff's presence in this district—including any documents Plaintiff may have relocated here. Defendants accuse Plaintiff of relocating to Carrollton, Texas from Washington State to manufacture jurisdiction. Defendants note that Plaintiff's parent company is located in California and only one Adaptix employee lives and works in this district.

A party's recent relocation to a district in order to manipulate venue should not be considered in the Court's venue analysis. *See In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011) (per curiam); *NovelPoint Learning LLC v. LeapFrog Enters. Inc.*, No. 6:10-cv-229, 2010 WL 5068146, at *4 (E.D. Tex. Dec. 6, 2010) ("[W]eight given to the location of [plaintiff's] documents is determined by whether [plaintiff] is an 'ephemeral' entity."). But the Court finds Defendants' argument unavailing. Adaptix relocated to Texas in 2009, it was acquired by California-based Acacia Research Group after the move to Texas, and Plaintiff's executive vice president continues to live and work in this district. Thus, Plaintiff is not an "ephemeral entity" located in this district to establish venue. *See Advanced Data Access LLC v. Toshiba Corp.*, No. 6:11cv621 (E.D. Tex. Sept. 7, 2012), ECF No. 59 at 6–7.

Defendants also maintain that the Northern District of California is a more convenient forum for access to relevant documents. HTC states that its San Francisco facility has design documents related to the accused products. But HTC represents that most of its relevant documents are located in Washington State and in Taiwan.

HTC also notes that the accused products incorporate chipsets from Qualcomm, a San Diego-based company. Defendants argue that the Qualcomm chipsets provide some of the accused functionality, and thus Qualcomm has many of the relevant documents related to the accused products. Defendants do not specify the location of Qualcomm's relevant documents. Furthermore, Verizon has identified both its New Jersey headquarters and its Walnut Creek facility as having relevant documents. Verizon also notes that California-based Cisco supplies Verizon with "core network equipment." Verizon does not state where Cisco's relevant documents are located.

Defendants also name seven prior art witnesses likely to have relevant documents. Each of the witnesses is located in the transferee district. Defendants also name Broadcom Corporation—an Irvine, California company with offices in the Northern District of California— as having documents relevant to prior art. Finally, Defendants note that the lead attorney who prosecuted one of the patents is located in the transferee district.

Plaintiff responds that a greater weight of evidence is more convenient to this district. Plaintiff identifies four former Adaptix employees who reside in Texas.[3] Plaintiff further identifies two Dallas attorneys who were involved in the prosecution of both patents. Plaintiff argues that these witnesses' documents will be located in Texas.

Plaintiff also points to Alcatel-Lucent and Nokia-Siemens base stations used in developing the 4G LTE-compliant cellular telephone networks. According to Plaintiff, "These two companies are the source of evidence regarding how the 4G LTE networks were designed and operate in conjunction with the accused products herein," and both companies have "a substantial presence in Texas" (Doc. No. 45 at 8). It is unclear from Plaintiff's argument and accompanying support how the activities of these third parties relate to this case or what relevant documents they possess.[4] Furthermore, Plaintiff has not given any indication of where these entities' relevant documents are located. Accordingly, the Court discounts the importance of the Texas presence of non-parties Alcatel-Lucent and Nokia-Siemens.

Plaintiff also notes that Verizon's sales documentation is located in New Jersey, which Verizon does not dispute.

---

[3] Without supporting documentation, Plaintiff names six former employees who allegedly live in this district. But Defendants provided unrebutted documentation that two of these witnesses live in Washington State.

[4] Plaintiff identifies three cases pending in this district in which Plaintiff accuses Alcatel Lucent USA, Inc. of infringing five patents. *ADAPTIX, Inc. v. Alcatel Lucent USA, Inc.*, 6:12cv22; *ADAPTIX, Inc. v. Alcatel Lucent USA, Inc.*, 6:12cv122; and *ADAPTIX, Inc. v. Alcatel Lucent USA, Inc.*, 6:12cv123. Two of the patents in those cases are related to the patents in suit in this case. But Plaintiff cannot simply incorporate the documents from a Defendant in another case without explanation, even if the cases are related to similar technology.

The parties have only identified New Jersey and Walnut Creek as having documents related to the accused products. Referencing the principal place of businesses of various party and non-party entities (Qualcomm, Broadcom, and Cisco), the parties have suggested that additional documents are available in San Diego, Irvine, and at Cisco's California office.[5] The parties also have identified the locations of several witnesses on the basis that these witnesses have relevant documents. Of these witnesses, eight are located in the transferee district, and six are in Texas.

On the whole, the Court finds that the greater weight of evidence is more convenient to the Northern District of California. Defendants have identified several specific categories of documents that will be available in the Northern District of California and even more evidence available on the west coast, including southern California and Washington State. In contrast, Plaintiff has only identified six witnesses located in Texas who potentially have relevant documents. Furthermore, the New Jersey and Taiwan documents have minimal impact on the Court's consideration of this factor. *See In re Genentech, Inc.*, 566 F.3d 1338, 1346 (noting that moving documents from Washington, D.C. and Europe to Texas was only slightly more convenient than moving them to California). Finally, Plaintiff fails to articulate the category of relevant documents possessed by non-parties Alcatel-Lucent and Nokia-Siemens, nor has Plaintiff given the Court any suggestion of where those documents are located. Accordingly, this factor weighs heavily in favor of transfer.

## 2.  **The Availability of Compulsory Process**

The next factor is the availability of compulsory process. Transfer is favored when a transferee district has absolute subpoena power over a greater number of non-party witnesses.

---

[5] The parties do not indicate where in California Cisco's office is located.

Absolute subpoena power means the power to compel attendance at both depositions and trial. *Hoffman-La Roche*, 587 F.3d at 1337–38.

Under Federal Rule of Civil Procedure 45, a court has power to compel trial testimony if the witness is served: (1) within the district; (2) within 100 miles of the courthouse; or (3) within the state of the issuing court. F. Rule Civ. P 45(b)(2)(A)–(C). *But see* Fed. R. Civ. P. 45(c)(3)(B)(iii) & 45(c)(3)(C) (limiting a court's authority to compel a non-party witness to travel more than 100 miles to testify at trial, unless there is a "substantial need for the testimony" and the witness is reasonably compensated). A court can compel deposition testimony of a non-party witness within 100 miles of his home or workplace. *See* Rule 45(c)(3)(A)(ii).

The Northern District of California has absolute subpoena power over seven of the prior art witnesses and the patent prosecution attorney identified by Defendants as working in the transferee district. The transferee district would also have absolute subpoena power over Adaptix's former vice president of marketing, who now lives in Los Altos. The transferee district would also have authority to compel testimony at trial for witnesses from Broadcom's Irvine headquarters and at Qualcomm's San Diego office. But California's subpoena power does not extend to any of the inventors of the patented technology and only to one former Adaptix employee named by the parties. Defendants also identify two individuals working in the transferee district whose work on related patents Defendants allege will be relevant to Plaintiff's claims "either because their patents are related to the patents-in-suit or they otherwise worked closely with [Plaintiff's predecessor's] team" (Doc. No. 55 at 5).

The Eastern District of Texas has absolute subpoena power over former Adaptix President and CEO, as well as one of the inventors of the patented technology, both of whom live in Plano, Texas.

Considering the extent of each district's absolute subpoena power, the Court finds that this factor weighs in favor of transfer.

### 3.   <u>The Cost of Attendance for Willing Witnesses</u>

One of the most important factors is the cost of attendance for witnesses. In analyzing the cost of attendance of willing witnesses, courts consider the convenience of both party and non-party witnesses. *See In re Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004) (per curiam) (*Volkswagen I*) (requiring courts to "contemplate consideration of the parties and witnesses"). Nevertheless, the convenience to non-party witnesses is afforded greater weight than that of party witnesses. *NovelPoint*, 2010 WL 5068146, at *6.

The Fifth Circuit applies a 100-mile rule to assist in the analysis of this factor. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen I*, 371 F.3d at 204–05; *see In re TS Tech*, 551 F. 3d at 1320. The greater distance witnesses have to travel for trial, the greater their expense and the longer they will be away from home and employment. *See id.*

As a threshold matter, the Northern District of California and the Tyler Division of the Eastern District of Texas are greater than 100 miles apart. Thus, the Court must assess the inconvenience to witnesses having to travel to one venue versus the other.

As discussed above, 11 non-party witnesses are located in the transferee district (seven prior art witnesses, a former Adaptix employee, two individuals who worked on related patents, and an attorney involved in the prosecution of the patents). Defendants also identify a number of

non-party witnesses located in Washington State, including three of the four inventors and four former Adaptix executives. Additionally, four individuals from Plaintiff's parent company—identified in Plaintiff's disclosures as having information about Plaintiff's corporate matters—are located in Newport Beach, California (in the Central District of California). As to all of these non-party witnesses, the Northern District of California is a more convenient forum.

Plaintiffs identify seven non-party witnesses who are located in Texas: one of the inventors, a former Adaptix president and CEO, three other former Adaptix employees, and two attorneys involved in prosecuting the patents. For these witnesses, the Eastern District of Texas is a clearly more convenient forum.

The parties also identify another attorney involved in the prosecution of the patents in suit. He is located in Colorado. The parties have not addressed the comparative inconvenience for this witness to travel to the competing forums. In view of this gap in the parties' briefing and because this witness will have to travel a significant distance to travel to either district, his presence in Colorado is neutral to the transfer analysis. *See Genentech*, 566 F.3d at 1344 (explaining that witnesses who "will be required to travel a significant distance no matter where they testify" are discounted under the 100-mile rule).

Defendant also identifies Qualcomm and Broadcom as having potential witness in San Diego and Irvine. Although the transferee forum would be more convenient for witnesses from these offices, the Court discounts these witnesses because the parties have not specifically identified them. *See Effectively Illuminated Pathways, LLC v. Aston Martin Lagonda of N. Am., Inc.*, No. 6:11-cv-34, at 14 (E.D. Tex. Apr. 19, 2012); *Dymatize Enters., Inc. v. Maximum Human Performance, Inc.*, No. 3:09-cv-1840, 2010 WL 972240, at *2–3 (N.D. Tex. Feb. 28, 2010) (holding that although a party need not provide affidavits identifying witnesses and

outlining testimony, it must at least identify the witnesses). Even more significantly, Defendants have not clearly stated that potential witnesses from Qualcomm and Broadcom are among those who work in the San Diego and Irvine offices. Accordingly, the Court affords these general assertions less weight because of their speculative nature.

As to party witnesses, Verizon asserts that several key witnesses are located at its Walnut Creek facility in the transferee district. But Verizon fails to specifically identify a single witness. Similarly, HTC suggests that employees from its San Francisco, Bellevue, and Taiwan offices possess relevant information. But like Verizon, HTC does not specifically identify a single witness. Accordingly, the Court will discount the location of these potential Verizon and HTC witnesses.

Plaintiff has two current employees identified by the parties as relevant to the transfer analysis. Guanbin Xing, identified by Defendants as having relevant information, is located in Bellevue, Washington. Significantly, Plaintiff's Executive Vice President Dooyong Lee lives and works in this district.

Several non-party witnesses are located on the west coast and would find the Northern District of California a more convenient forum. Only seven non-party witnesses would find the Eastern District of Texas more convenient. Only two party witnesses have been specifically named, one in Bellevue, Washington and Plaintiff's executive vice president in this district. Overall, a greater number of party and non-party witnesses in this case would find the Northern District of California is a clearly more convenient venue. Accordingly, this factor favors transfer.

### 4.  All Other Practical Problems

The fourth factor serves as a catchall for concerns that may weigh for or against transfer. For example, transfer is disfavored when the issue is raised late in the case. *See, e.g.*, *Konami*

*Digital Entm't Co. v. Harmonix Music Sys., Inc.*, No. 6:08-cv-286, 2009 WL 781134, at *7 (E.D. Tex. Mar. 23, 2009). And judicial economy may counsel against transferring a case when it would result in overlapping issues being simultaneously adjudicated in different districts. *In re Vistaprint Ltd.*, 528 F.3d 1342, 1345 (Fed. Cir. 2010). Generally, other practical problems focus on issues of judicial economy. Particularly, the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220–21 (7th Cir. 1986)).

Importantly, "[m]otions to transfer venue are to be decided based on 'the situation which existed when suit was instituted.'" *In re EMC Corp.*, No. 142, 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013) (quoting *Blaski*, 363 U.S. at 343). "While considerations of judicial economy arising *after* the filing of a suit do not weigh against transfer, a district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed." *Id.* "[A] district court's experience with a patent in prior litigation and the copendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue." *Id.*

Defendants argue that judicial economy favors transferring the eight related cases addressed in the briefing. Looking at all eight cases involving the patents in suit, defendants argue that several of the accused products were developed in California. The defendants particularly emphasize Apple's presence in the transferee district. Defendants also note that these cases would benefit from proceeding under a similar schedule.

Plaintiffs respond that another group of cases pending in this district are related to this case.[6] Those cases involve five different patents, two of which are related to the patents in suit in this case.

Defendants' emphasis on keeping the related cases on the same schedule is compelling.[7] But the Court must consider the facts at the time of filing. *In re EMC Corp.*, No. 142, 2013 WL 324154, at *2. Defendants have not indicated that the transferee district had any pending cases or other knowledge of the patents in suit at the time of filing. Furthermore, the Court is not persuaded by Plaintiff's suggestion that the additional cases pending in this district weigh against transfer. Although those cases overlap as to some parties and involve related patents, Plaintiff has not demonstrated that the Court has experience with or is familiar with the patents in *this* case. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 n.3 (Fed. Cir. 2010).

For these reasons, the Court finds this factor is neutral.

### B.  *Public Interest Factors*

#### 1.  <u>The Administrative Difficulties Flowing From Court Congestion</u>

The first public interest factor is court congestion. Generally, this factor favors a district that can bring a case to trial faster. *In re Genentech*, 566 F.3d at 1347. Of all the venue factors, this is the "most speculative." *Id.* When "several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors." *Id.*

Here, Defendants contend this factor is neutral, while Plaintiff maintains it weighs against transfer. Relying on a 16-month-old opinion, *Gemalto v. HTC Corp.*, No. 6:10cv561 LED-JDL,

---

[6] The related cases are *ADAPTIX, Inc. v. Alcatel Lucent USA, Inc.*, 6:12cv22; *ADAPTIX, Inc. v. Alcatel Lucent USA, Inc.*, 6:12cv122; *ADAPTIX, Inc. v. Alcatel Lucent USA, Inc.*, 6:12cv123; *ADAPTIX, Inc. v. Alcatel Lucent USA, Inc.*, 6:12cv369; *ADAPTIX, Inc. v. Ericsson, Inc.*, 6:13cv49; and *ADAPTIX, Inc. v. Ericsson, Inc.*, 6:13cv50. Some of these case were filed after Plaintiff's response and thus are not referenced in the briefing.
[7] *See PersonalWeb Techs., LLC v. NEC Corp.*, 6:11cv655 at 45–49 (E.D. Tex. Mar. 21, 2013), ECF No. 74.

2011 WL 5838212, at *6 (E.D. Tex. Nov. 18, 2011) (citing statistics that a patent trial proceeds

to a verdict nearly 15 months faster in the Eastern District of Texas than in the Northern District

of California), Plaintiff claims that a patent case takes longer to proceed to a verdict in the

Northern District of California. Plaintiff has not provided any current data to support this claim.

Accordingly, the Court finds this factor is neutral.

### 2. <u>The Local Interest in Having Localized Interests Decided at Home</u>

The next public interest factor is the local interest in adjudication of the case.

Traditionally, the location of the alleged injury is an important consideration. *See Frito-Lay N.*

*Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp 2d 859, 872 (E.D. Tex. 2012) (citing *In re TS*

*Tech*, 551 F.3d at 1321). When the accused products or services are sold nationwide, the alleged

injury does not create a substantial local interest in any particular district. *Id.* Local interest also

arises when a district is home to a party because the suit may call into question the reputation of

individuals that work in the community. *Hoffman-La Roche*, 587 F.3d at 1336. The local interest

in the litigation is an important consideration because "[j]ury duty is a burden that ought not to

be imposed upon the people of a community which has no relation to the litigation." *Volkswagen*

*I*, 371 F.3d at 206 (quoting *Gulf Oil Corp.*, 330 U.S. at 508–09).

Verizon's Walnut Creek facility—located in the transferee forum—employs several of

Verizon's employees involved in the development of the LTE network. This litigation calls into

question their work. *See In re Hoffman-La* Roche, 587 F.3d at 1336. Similarly, HTC operates a

small facility in the Northern District of California with 21 employees who work on design

issues for the accused products. But neither Verizon nor HTC are headquartered in the transferee

district. Plaintiff is headquartered in this district, but is a wholly owned subsidiary of a Newport

Beach, California-company. Furthermore, Plaintiff's executive vice president and one of the inventors of the technology is located in this district.

The transferee district has a significant interest in this case based on the presence of individuals involved in developing the accused technology. But this district—as home to the Plaintiff and one of the inventors—also has a substantial interest in the outcome of this litigation. Considering the balance of these facts, the Court finds that this factor is neutral.

### 3.   The Familiarity of the Forum With the Governing Law

Courts are also to consider "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. The Court notes that both the Northern District of California and the Eastern District of Texas are equally capable of applying the law regarding patent infringement. *See In re TS Tech*, 551 F.3d at 1320. Accordingly, as the parties agree, this factor is neutral.

### 4.   The Avoidance of Unnecessary Problems of Conflict of Laws

The parties acknowledge that this case does not present conflict of laws issues. Thus, this factor is neutral.


### IV.   CONCLUSION

Having fully considered all of the private and public interest factors, Defendants have met their burden to show that the Northern District of California is "*clearly* more convenient" than the Eastern District of Texas. *Volkswagen II*, 545 F.3d at 315 (emphasis added). In balancing all of the factors, the Court finds that Defendants have met their "significant burden" under § 1404(a). *Id.* at 315 n.10. Accordingly, Defendants' motion to transfer as to the claims

against Verizon and HTC (Doc. No. 35) is **GRANTED**. The Court **ORDERS** that Plaintiffs'

claims be transferred to the United States District Court for the Northern District of California.

    **It is SO ORDERED.**

    **SIGNED this 28th day of March, 2013.**

_____

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE